UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY SHAMBERGER, ) | |
|             Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 11-731 |
| ) | Magistrate Judge Maureen P. Kelly |
| BRIAN COLEMAN, Superintendent, ) | |
| SCI-Fayette, PENNSYLVANIA BOARD OF ) | |
| PROBATION AND PAROLE, ) | |
|             Respondents. ) | |

## MEMORANDUM ORDER

At the time of the filing of the present Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (the "Petition"), Gregory Shamberger ("Petitioner") was a state prisoner housed in the State Correctional Institution at Fayette ("SCI-Fayette"). By means of this Petition, he sought to challenge the revocation of his parole as a technical parole violator after he absconded from a half-way house and was re-captured as well as two subsequent actions by the Pennsylvania Board of Probation and Parole in denying him release on re-parole. Petitioner sought only to challenge the fact of his ongoing incarceration and not the underlying conviction.

Petitioner initiated these proceedings on June 3, 2011. The case was assigned to another Magistrate Judge at that time. After the Respondents were granted an extension of time in which to do so, ECF No. 9, the Respondents filed their Answer, pointing out that Petitioner failed to exhaust his state court remedies with respect to his claims, and procedurally defaulted his claims. Respondents also pointed out that two of the claims were time barred and, finally that the Petition was meritless. ECF No. 10.

Both the Petitioner and Respondents have filed their consent to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 12 and 13.

On January 7, 2013, the Court issued a Rule to Show Cause, ECF No. 14, on Petitioner,

directing him to show why this case was not moot. In that Rule to Show Cause, the Court took judicial notice of the Pennsylvania Department of Corrections Inmate Locator website, which showed that Petitioner had been released from all custody stemming from the parole revocation and re-parole denials because he was no longer listed as being held by the Department of Corrections. Petitioner was directed to file his response to the Rule to Show Cause no later than January 22, 2013.

On January 24, 2013, the Rule to Show Cause was returned to the Court in its original envelope with a "Return to Sender" sticker affixed to the envelope and a notation "sentence complete 10-15-12". In addition there appeared to be a forwarding address also hand written on the envelope. The Court will send a copy of this order to that forwarding address as well as to the address on record.

Because Petitioner does not appear to have any interest in pursuing this case further, given that he failed to file a change of address with the Court and given that he failed to file a response to the Rule to Show Cause, as a consequence of his failure to keep the Court informed of his current address, the Court, after having considered all of the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984),[1] concludes that those factors weigh in favor of dismissal and so the Petition will be dismissed due to Petitioner's failure to prosecute.

In the alternative, because Petitioner chose to solely challenge the denial of his release on parole and it now appears that Petitioner has already been released from his sentence of incarceration, the Petition has become moot. DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005)

---

[1] Those six Poulis factors are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868.

(it is a habeas petitioner's burden to demonstrate that his case is not moot once he has been released from the sentence).  Accordingly, the Petition is dismissed as moot.

     A Certificate of Appealability is denied.


Date:  February 1, 2013                      /s/  Maureen P. Kelly
                                                     MAUREEN P. KELLY
                                                     UNITED STATES MAGISTRATE JUDGE


cc:     Gregory Shamberger
        FD2543
        SCI-Fayette
        50 Overlook Dr.
        LaBelle, PA 15450


        Gregory Shamberger
        2213 North Tioga Street
        Philadelphia, PA.  19140

        All counsel of record via CM/ECF